# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2012

No. 10-50674
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLAN SCOTT FISHER, also known as Alan Scott Fisher,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-278

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Allan Scott Fisher, federal prisoner # 29196-080, appeals the district court's denial of his 28 U.S.C. § 2255 motion, challenging his conviction for possession with intent to distribute at least five grams of crack cocaine. He argues that his trial counsel was ineffective in that he did not object to the presence of an allegedly biased juror. We granted a certificate of appealability on this issue and granted the Government's motion to remand the case to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50674

district court for the limited purpose of supplementing the record and making factual findings if necessary.

On remand, the Government submitted an affidavit executed by Fisher's trial counsel, Zachary Boyd, and the district court held an evidentiary hearing at which Boyd, Fisher, and Fisher's wife, Brenda Fisher, testified. The district court found that there was no credible evidence that the juror was biased against Fisher; there was no evidence that any relationship between the juror and Mrs. Fisher affected the juror's ability to make a decision based solely on the evidence admitted during the trial; Fisher did not give his trial counsel any information indicating that the juror would be anything but favorable to Fisher; the testimony of counsel and Mrs. Fisher was credible; and the testimony of Fisher was not credible. The Government filed a motion to supplement the record with Boyd's affidavit, which we granted.

In view of the above evidence, the district court did not err in finding that there was no credible evidence that the juror was biased against Fisher and that Fisher did not give his trial counsel any information indicating that the juror was biased against him at any time. *See United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). Under these circumstances, counsel had no reason to question or challenge the juror during voir dire or after the juror advised the court that he was Mrs. Fisher's employer. The district court did not err in holding that counsel's performance was not deficient because he did not question or challenge the juror either peremptorily or for cause. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Virgil v. Dretke*, 446 F.3d 598, 608-10 (5th Cir. 2006).

AFFIRMED.